**In re CEMETERY DEVELOPMENT CORPORATION d/b/a Hillcrest Memorial Gardens/Mausoleum (EIN 72–0859647), Debtor.**

#### Bankruptcy No. 84–00663.

United States Bankruptcy Court, M.D. Louisiana.

Oct. 11, 1985.

David S. Rubin, Baton Rouge, La., for Bank of Zachary.

William E. Steffes, Baton Rouge, La., for Trustee.

Sam Gallo, Baton Rouge, La., Trustee.

### DECISION AND WRITTEN REASONS

WESLEY W. STEEN, Bankruptcy Judge.

#### I. Jurisdiction of the Court

This is a proceeding arising in a case under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under

Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

## II. Facts and Applicable Law

Sam Gallo was appointed trustee for Cemetery Development Corporation, a debtor under Chapter 11, on October 16, 1984. On May 10, 1985, the trustee filed an application for compensation for services rendered on behalf of the estate. This application came up for hearing on July 3, 1985. An objection to the application was filed on May 30, 1985, by the Bank of Zachary, a creditor in these proceedings, which stated that the trustee's application sought compensation on an hourly basis which violated the provisions of 11 U.S.C. § 326(a). The application was in the amount of $3,862.00.

11 U.S.C. § 326(a) limits the compensation of a trustee in a Chapter 11 case; it provides that:

"(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

The statute, then, establishes a formula that defines the maximum compensation for the trustee; the Court is required to examine the services and to determine what compensation is reasonable. The Court's allowance cannot exceed the maximum compensation calculated by the statutory formula.

The trustee's cash journal consists of 16 pages of disbursements made during the period October 9, 1984, to March 31, 1985.

| Page | Amount |
|---|---|
| 1 | $ 4,439.73 |
| 2 | 6,000.78 |
| 3 | 9,300.88 |
| 4 | 5,880.12 |
| 5 | 2,615.35 |
| 6 | 9,799.25 |
| 7 | 10,752.57 |
| 8 | 5,243.27 |
| 9 | 7,254.91 |
| 10 | 9,402.77 |
| 11 | 1,974.62 |
| 12 | 3,929.01 |
| 13 | 6,432.48 |
| 14 | 1,773.91 |
| 15 | 5,455.33 |
| 16 | 4,717.58 |
| **Total** | **$94,972.56** |

There were additional disbursements of $9,000.00 in cashiers checks and $8,332.07 in accounts receivable paid to the bank which were credited to the debt. The total disbursements were $112,304.63. The maximum compensation allowable to the trustee as calculated under the statute is $3,549.14.

| | |
|---|---|
| 15% on the first $1,000 | $ 150.00 |
| 6% on the next $2,000 | 120.00 |
| 3% on the $109,304.63 | 3,279.14 |
| **Statutory Maximum Compensation** | **$3,549.14** |

The trustee's application was based on an hourly rate of $40.00 per hour. The time spent by the trustee is as follows:

| Date | Amount | |
|---|---|---|
| September 1984 | 9 hrs. × $40 = | $ 360 |
| October 1984 | 20.75 hrs. × $40 = | 830 |
| November 1984 | 7.45 × $40 = | 298 |
| December 1984 | 5 × $40 = | 200 |
| January 1985 | 28.10 × $40 = | 1,140 |
| February 1985 | 19.25 × $40 = | 770 |
| March 1985 | 7.5 × $40 = | 300 |

**Total Application For Compensation on Hourly Basis**      **$3,862**

The trustee's application appears to be in order, and the amount claimed is reasonable. There was no objection to the reasonableness or propriety of the application.

### III. Decision

Under 11 U.S.C. § 326(a), the compensation for the trustee cannot exceed the amount calculated above as a percentage of disbursements or the amount that is "reasonable", whichever is less. In this case, the lesser figure is $3,549.14. Therefore, the objection of the Bank of Zachary is sustained in part, and the application of the trustee is denied to the extent that it exceeds $3,549.14.

The trustee is directed to continue to keep and to file time records in support of his application(s) for compensation. In future application(s), the Court will consider the uncompensated time involved in the instant application if the statutory maximum applicable to future applications allows compensation in excess of that based in future time expended. In other words, the current application is an interim application; total compensation over the life of the case will reflect total services rendered, so far as the statutory maximum will allow; the limitation on the current payment does not prevent future allowance to compensate for past services so long as the statutory maximum is not exceeded.

The trustee shall submit an appropriate order.